**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                    **4:07-CR-00168-WRW**

**RODNEY LAVELL THOMAS**

**ORDER**

Pending is Defendant's Motion to Suppress (Doc. No. 28). Following an in-court hearing held on July 31, 2008, Defendant's Motion to Suppress was denied in open court. However, Defendant made an oral motion for reconsideration.

I have reviewed the cases submitted by Defendant as well as several other cases. As I held yesterday, I credit the former police officer's testimony with respect to the reason for the stop, as well as his testimony about Mr. Thomas acting nervous, putting his hands over his waist area, and turning sideways away from the officer. I credit the former officer's testimony that this gave him a reasonable suspicion that he might be endangered. Based on the totality of the circumstances,[1] Defendant's actions were sufficient to lead a reasonable officer to believe that his safety could be in danger.[2]

Accordingly, Defendant's Motion to Suppress and Motion for Reconsideration are DENIED.

IT IS SO ORDERED this 4th day of August, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[1] See *United States v. Stachowiak*, 521 F.3d 852, 856 (8th Cir. 2008) ("To determine whether a seizure was conducted within the parameters of Terry, we must determine whether the facts collectively provide a basis for reasonable suspicion, rather than determine whether each fact separately establishes such a basis.").

[2] See *United States v. Rowland*, 341 F.3d 774, 783 (8th Cir. 2003) ("[A] search is valid if a hypothetical officer in the same circumstance could reasonably believe the suspect is dangerous.").